[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12259
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20904-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CARLOS GALAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2020)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Carlos Galaz appeals his 108-month sentence for conspiring to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 846.  He argues that his sentence is procedurally unreasonable because the district court erred in denying him a minor-role adjustment under U.S.S.G. § 3B1.2(b).

"[W]e review the factual findings of the district court for clear error and the application of the law to the facts *de novo*."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  The reasonableness of a sentence is reviewed for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "We review a district court's denial of a role reduction for clear error."  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).  "Clear error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."  *Id.* (internal quotation marks and citation omitted).  "The defendant bears the burden of establishing his minor role in the offense by a preponderance of the evidence."  *Id.*

In reviewing the reasonableness of a sentence, we consider whether the district court committed a "procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."  *Gall*, 552 U.S. at 51.  The Sentencing Guidelines provide a two-level reduction if the defendant was a minor

2

participant with respect to his offense conduct.  U.S.S.G. § 3B1.2(b).  A minor participant is one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  *Id.* § 3B1.2 cmt. n.5.

In determining whether a minor-role adjustment applies, the court must first consider "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing," and second examine his role in relation to the roles of other participants involved in his relevant conduct.  *Cruickshank*, 837 F.3d at 1192 (alteration in original) (internal quotation marks and citation omitted).  As to the first prong, the court should assess the magnitude of the defendant's role in relation to the "conduct for which [he] has been held accountable," rather than in relation to his "role in any larger criminal conspiracy."  *United States v. Rodriguez De Varon*, 175 F.3d 930, 940, 944 (11th Cir. 1999) (en banc).  "Therefore, when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs."  *Id.* at 942–43.

As to the second prong, "the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence . . . [and] may consider only those participants who were involved in the relevant conduct attributed to the defendant."  *Id.* at 944.  "The conduct of participants in any larger criminal conspiracy is irrelevant."  *Id.*  A defendant is not automatically

3

entitled to a minor-role reduction simply because he was somewhat less culpable than other participants—"it is possible that none are minor or minimal participants." *Id.* Instead, the court "must determine that the defendant was less culpable than *most other* participants in [his] relevant conduct." *Id.* (emphasis in original).

When performing this analysis, "the district court must assess all of the facts probative of the defendant's role in [his] relevant conduct." *Id.* at 943. To assist courts with this task, the Guidelines provide a non-exhaustive list of factors to consider, including:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C). "[I]n the drug courier context, . . . the amount of drugs . . . is a material consideration in assessing a defendant's role in [his] relevant conduct." *De Varon*, 175 F.3d at 943. "Indeed . . . the amount of drugs in

4

a courier's possession—whether very large or very small—may be the best indication of the magnitude of the courier's participation in the criminal enterprise . . . ." *Id.*

Here, the district court did not clearly err in denying Galaz's request for a minor-role adjustment. Galaz was held responsible only for the drug quantity and activities directly attributable to him as described by the factual proffer, which established that he played a substantial role in three drug-trafficking-related transactions and delivered a considerable amount of fentanyl—14.7 kilograms. Galaz also failed to show that he was less culpable than most other participants in the transactions. The district court, therefore, did not impose a procedurally unreasonable sentence.

**AFFIRMED.**